IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL |
| vs. | : |
| | : |
| VINCENT J. FUMO | : NO. 06cr319-03 |
| RUTH ARNAO | -04 |
| LEONARD P. LUCHKO | -01 |
| MARK C. EISTER | : -02 |

**FILED JAN 3 0 2013** MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk

AND NOW, this 30 day of January, 2013, upon consideration of the Motion by Jill Porter to Partially Lift Protective Order to Allow Limited Disclosures (Document No. 949) and the response of Richard Sprague, Esquire, the court finds and concludes that:

The motion relates to a protective order entered by the undersigned on June 6, 2007 (Document No. 107). As a result, Judge Ronald Buckwalter and I have conferred and decided that I should resolve the motion.

In her motion, Ms. Porter requests the court to partially lift the protective order to permit the government to make the limited disclosures Porter is seeking for her use in connection with a lawsuit for defamation and false light invasion of privacy filed in state court against her by Sprague, Senator Fumo's former criminal defense counsel.

She seeks a lifting of the protective order for (1) for the portion of any notes or reports, including FBI 302s, from interviews of Sprague, Geoffrey Johnson, Mark Sheppard, Richard DeSipio, Charles Hardy and Robert Scandone relating to Fumo's assertion of the advice of counsel defense, in accordance with her request under 28 C.F.R. § 16.21.

She also seeks a lifting of the protective order so the government can disclose the portion of any transcripts of grand jury testimony by these same individuals about Fumo's advice of counsel defense as requested in her petition pursuant to Federal Rule of Criminal Procedure 6(e).

The supervising judge of the grand jury has already granted Porter's petition for limited disclosure of grand jury material relating to the same portions of the same transcripts of the grand jury testimony of the same witnesses, pursuant to Fed .R. Crim. P. 6(e)(3)(E)(i) .[1]

Fumo's criminal defense counsel, Dennis Hogan, does not oppose her motion. The U.S. Attorney's Office takes no position. Sprague does oppose the motion.

The named individuals were all part of Fumo's defense team in connection with the federal charges for obstruction of justice against him and the documents requested relate to Fumo's advice of counsel defense in connection with those charges. Fumo waived the attorney-client privilege at his trial so that he could assert a defense of advice of counsel.

Porter seeks to learn exactly what advice Fumo received, when he received it, from whom he received it and what he told his legal defense team about the advice he received and when.

The *Pansy* factors that constituted good cause to enter the protective order on June 6, 2007 in large part no longer apply. Fumo's trial concluded several years ago. Porter is seeking only a handful of all of the documents that were subject to the protective order. The documents she is seeking are limited to the portions relating to Fumo's advice of counsel defense, which was put at issue by him at his trial and was aired in open court during the trial. Messrs. Sprague, Johnson, Sheppard, Hardy and Scandone testified at that trial. The privacy interests protected by the original order are not violated because of the limited amount of the disclosure requested and the fact that the disclosure does not involve any highly embarrassing or unsubstantiated information relating to

---

[1] In contrast, the original protective order related to 983 pages of 360 interview reports by investigating agents, 6,899 pages of grand jury testimony involving approximately 104 witnesses, 103 pages of search warrant applications, 240 complete boxes of documents and other materials seized from more than 100 third-parties and the contents of 53 computers, servers and other electronic data storage devices seized from others.

2

unknown third-parties. The factor involving the sharing of information among litigants to promote fairness and efficiency is no longer relevant because the criminal case has been concluded. The concerns of the court in 2007 that a disclosure of all of the documents at issue would contain large amounts of "unsubstantiated or irrelevant information" and would not protect the confidentiality of the investigatory process are no longer at issue due to the passage of time, the completion of the criminal trial and the limited nature of the disclosure requested. Porter has demonstrated a particularized need for the materials in defending herself against Sprague's defamation action. Finally, the information is being sought for a legitimate purpose rather than an improper purpose.

Sprague objects to the motion for two reasons: (1) the subpoena to the FBI that seeks protected materials is the subject of a motion to quash in the state court proceeding, and (2) the materials sought are wholly irrelevant to the claims and defenses of the underlying lawsuit between Sprague and Porter.

The motion to quash Porter's subpoena upon the records custodian of the FBI was filed in the defamation suit in state court. Because a subpoena is not required in order for the government to consider her request for the interview notes and reports, including the FBI 302s, Porter, with the government's consent, has withdrawn the subpoena and is proceeding based only on her written request. Sprague's objection based on the motion to quash is, therefore, moot.

Whether the materials sought are relevant or irrelevant to the claims and defenses of the underlying lawsuit between Sprague and Porter is a matter for the judge in the underlying lawsuit to decide, not this court.

The government has not asserted that production will be difficult. Porter is only seeking interview reports and grand jury testimony for six individuals and only to the extent the

reports and testimony relate to Fumo's advice of counsel defense. The government has standing to object to the motion on the basis that sorting out the materials to be released would be overly burdensome. It has not so claimed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL |
| vs. | : |
| VINCENT J. FUMO | : NO. 06cr319-03 |
| RUTH ARNAO | : -04 |
| LEONARD P. LUCHKO | : -01 |
| MARK C. EISTER | : -02 |

O R D E R

**IT IS, THEREFORE, ORDERED** that the motion by Jill Porter to Partially Lift Protective Order to Allow Limited Disclosures (Document No. 949) is **GRANTED**. The protective order entered by this Court on June 6, 2007 (Document No. 107) is lifted for the sole purpose of allowing the government to comply with Ms. Porter's request pursuant to 28 C.F.R. § 16.21 for any notes and interview reports, including FBI 302s, from the interviews with the six named persons relating to the specified subject matter, and to comply with the grant of her petition pursuant to Federal Rule of Criminal Procedure 6(e) for the portion of any transcripts of grand jury testimony of Richard A. Sprague, Geoffrey Johnson, Mark Sheppard, Richard DeSipio, Charles Hardy and Robert Scandone, relating to Senator Fumo's assertion of the advice of counsel defense.

_____
William H. Yohn Jr., Judge
1/30/13